# EXHIBIT A

EXHIBIT A

RECEIVED
IN CLERK'S OFFICE
3:55
FEB 0 6 2004
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY )<br>)<br>)<br>Plaintiff,        )<br>)<br>v.                    )<br>)<br>CARDINAL HEALTH, INC.,    )<br>CARDINAL HEALTH 200, INC.  )<br>BBA GROUP U.S. HOLDINGS, INC. and )<br>BBA NONWOVENS SIMPSONVILLE, INC. )<br>)<br>)<br>Defendants.   ) | Civil Action No. 3:03-0848<br><br>Judge Campbell<br><br>Magistrate Judge Griffin<br><br>JURY DEMAND |

**AGREED PROTECTIVE ORDER GOVERNING
THE DISCLOSURE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff E.I. DUPONT DE NEMOURS AND COMPANY (hereinafter "DuPont") and Defendant CARDINAL HEALTH 200, INC. (hereinafter "Cardinal") and Defendants BBA GROUP U.S. HOLDINGS, INC.[1] ("BBA U.S.") and BBA NONWOVENS SIMPSONVILLE, INC. ("BBA U.S." "BBA Nonwovens," and together with Cardinal, "Defendants") are parties to the above-captioned litigation;

WHEREAS, DuPont is a manufacturer of fabrics that are/have been supplied to Cardinal;

WHEREAS, BBA Nonwovens is a manufacturer of fabrics that are/have been supplied to Cardinal;

---

[1] BBA U.S. filed a Motion to Dismiss on January 29, 2004 on the basis that there is no such entity as BBA Group U.S. Holdings, Inc. Assuming that DuPont intended to sue BBA U.S. Holdings, Inc., the motion further contends that DuPont has failed to allege any facts concerning BBA U.S. Holdings, Inc. that could amount to patent infringement. If the motion is granted, the present Protective Order will not apply to BBA U.S.

994147.1

This document was entered on the docket in compliance with Rule 58 and/or Rule 79 (a). FRCP on 2/23/04 By: [signature]

WHEREAS, BBA U.S. is a named defendant that is allegedly affiliated with BBA Nonwovens, although this allegation is disputed;

WHEREAS, Cardinal is a purchaser of fabric materials and is a manufacturer of gowns and drapes which are distributed to third parties;

WHEREAS, all Parties believe that certain confidential information about their operations constitutes very valuable commercial information that, if disclosed to competitors or others, would significantly harm all parties;

WHEREAS, each Party expects certain documents, things, and information which are or will be encompassed by discovery demands made to each other or to Non-Parties to constitute trade secret or other confidential research, development, or commercial information or private personal information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each Party believes that it would serve the interests of justice and properly avoid excess and unnecessary burdens to conduct discovery under a Protective Order pursuant to that Rule; and,

WHEREAS, this Court independently finds in light of the foregoing and all the facts and circumstances herein that there is good cause for the entry of a Protective Order with respect to the aforementioned confidential proprietary and private personal information.

IT IS HEREBY ORDERED THAT:

1. Until further Order of this Court, the production of documents, things or information by all Parties and Non-Parties during discovery in this action shall proceed in accordance with this Protective Order.

994147.1

## **DEFINITIONS**

2.  "Confidential Material" means those pages of documents or information or portions of things that are within the possession, custody or control of a Party or a Non-Party that are produced or otherwise conveyed during this litigation and believed in good faith by that Party or Non-Party to contain trade secrets or other confidential research, development, or commercial information that (i) is not generally known to the party requesting the production of the material or others in the trade or business of either the Producing Party or the Receiving Party; and (ii) is not otherwise available to the public as a result of a filing with a public agency, or to contain private personal information. Confidential Material includes without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, subpoenas or other formal methods of discovery.

3.  "Producing Party or Non-Party" means any Party or Non-Party that produces Confidential Material in the course of this litigation.

4.  "Receiving Party" means any Party to this action that receives Confidential Material in the course of this litigation.

5.  "This litigation" or "this action" means the lawsuit pending before Judge Todd J. Campbell and Magistrate Judge Juliet Griffin in the United States District Court for the Middle District of Tennessee entitled <u>E.I. DU PONT DE NEMOURS AND COMPANY v. CARDINAL HEALTH, INC., CARDINAL HEALTH 200, INC., BBA GROUP U.S. HOLDINGS, INC. and BBA NONWOVENS SIMPSONVILLE, INC.</u>, No. 3:03-0848.

994147.1

## **DESIGNATION OF CONFIDENTIAL MATERIAL**

6.   Any Party or Non-Party producing any documents, things or information containing Confidential Material who seeks to invoke protection under this Protective Order for those portions of such documents or information or portions of such things that contain Confidential Material shall, at the time such documents, things or information or a copy thereof are provided to a Receiving Party, label those pages of such documents or information or portions of such things that contain Confidential Material with the legend "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL ONLY." A Producing Party or Non-Party may designate documents, things or information "CONFIDENTIAL" where such documents, things or information contain trade secrets or other confidential research, development, or commercial information that meets the definition of Confidential Material and there is good cause to believe that the disclosure of such trade secrets or other confidential research, development, or commercial information in a manner other than as provided in paragraphs 12 and 17A hereof could cause harm to the Producing Party or Non-Party. Documents, things or information that contain private personal information, unless other Confidential Material is present therein that justifies a different designation, also may be designated "CONFIDENTIAL." A Producing Party or Non-Party may designate documents, things or information "CONFIDENTIAL COUNSEL ONLY" where such documents, things or information contain that Party or Non-Party's trade secrets or other confidential research, development, or commercial information that meets the definition of Confidential Material and there is good cause to believe that the disclosure of such trade secrets or other confidential research, development, or commercial information in a manner other than as provided in paragraphs 13 and 17B hereof could cause harm to the Producing Party or Non-Party.

994147.1

7. Deposition testimony that a Party in good faith believes qualifies in whole or in part for treatment as Confidential Material shall be so designated in writing by transcript page and line number no later than 30 days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, all material in deposition transcripts shall be treated as Confidential Material designated "CONFIDENTIAL COUNSEL ONLY."

8. The designation of any documents, things, information or deposition testimony as Confidential Material hereunder shall constitute the verification of counsel of record for the Producing Party that at least one of them or an agent thereof has reviewed the documents, things, information or deposition testimony and that the designation of same as protected hereunder is, in the good faith judgment of counsel, consistent with the terms of this Order.

9. A Party or, as to Confidential Material which has been filed with the Court under seal, an interested member of the public (an "Objecting Party"), may at any time make a good faith challenge to a Producing Party's or Non-Party's designation of any documents, things, information or deposition testimony as Confidential Material by providing the Producing Party or Non-Party with an oral or written notice of the specific reasons why the Objecting Party believes that the documents, things, information or deposition testimony in question should not be designated Confidential Material. If the Objecting Party and the Parties and/or Non-Party are unable to resolve the matter amongst themselves, the Objecting Party may thereafter file a written motion with the Court challenging the Producing Party's or Non-Party's designation of any documents, things, information or deposition testimony as Confidential Material. In any such proceeding, the Producing Party or non-party will bear the ultimate burden of

demonstrating good cause for protection of the documents, things, information or deposition testimony at issue.

10. Any documents, things, information or deposition testimony designated as Confidential Material to which an objection has been made shall not be disclosed in a manner inconsistent with this Order and shall continue to be treated as Confidential Material within the meaning of this Order unless and until otherwise agreed by the Producing Party or Non-Party or the Court rules otherwise.

11. Notice of an inadvertent production of any document, thing or information that is subject to the work-product doctrine, the attorney-client privilege or any other privilege shall be given within 30 days upon the discovery of the inadvertent production by the producing party. Inadvertent production shall not constitute a waiver of any such doctrine or privilege. The inadvertent production, without designation as Confidential Material, of a document, thing, information or deposition testimony intended to be designated or that should have been designated Confidential Material shall not waive the right to so designate such document, thing, information or deposition testimony. Upon written request of the Producing Party or Non-Party, all copies of any inadvertently produced document, thing or information that is subject to the attorney-client privilege or other privilege or work product doctrine shall be returned forthwith. In addition, any Confidential Material that is inadvertently not designated Confidential Material when produced shall, upon written request of the Producing Party or Non-Party, thereafter be treated as Confidential Material under this Order.

## LIMITATION ON ACCESS TO INFORMATION

12. Confidential Material designated "CONFIDENTIAL" may not be disclosed to any person other than:

994147.1

(a) outside counsel representing any Party in connection with this litigation (and any employees, associates or partners of outside counsel provided that said persons are involved in the prosecution or defense of this action);

(b) the Parties to this action and any employee of any Party whose review is necessary to the prosecution or defense of this action (defined as "Qualified Persons") provided that such Qualified Persons sign an undertaking and otherwise complies with ¶ 14, below, except that such Qualified Persons shall not be any attorney or agent who currently or for a period of three years after the conclusion of this action represents or will represent any party in this action with respect to patent applications of the party, including before the United States Patent and Trademark Office related to nonwoven fabrics or other technical information that constitutes confidential information in this litigation. The intent of this provision is to insure that no attorney or agent who received Confidential Information of a disclosing party relating to patents, inventions, and improvements of inventions of that party will be exposed to inadvertent use or reliance upon that information in connection with the representation of the receiving party with respect to the receiving party's patents, inventions, and improvements of inventions, including before the United States Patent and Trademark Office;

(c) any person who had access to or prepared the Confidential Material as part of his or her duties in the ordinary course of business; provided, however, that, prior to disclosure, the person has agreed to abide by this Order (as

994147.1

required in any event by paragraph 14 hereof) and counsel has a good faith belief that the person in fact did have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business; provided further that counsel shall ascertain immediately following the disclosure whether such good faith belief in fact is correct, and, in the event the person in fact did not have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business, counsel shall terminate the disclosure immediately;

(d) any outside expert retained by counsel to assist in the prosecution or defense of this litigation who signs an undertaking and otherwise complies with ¶ 14 below;

(e) the Court and any persons employed by it to work on this litigation; and

(f) court reporters, to the extent necessary or required to report accurately proceedings in this litigation.

13. Confidential Material designated "CONFIDENTIAL COUNSEL ONLY" may not be disclosed to any person other than:

(a) outside counsel representing any Party in connection with this litigation (and any employees, associates or partners of outside counsel provided that said persons are involved in the prosecution or defense of this action);

(b) any person who had access to or prepared the Confidential Material as part of his or her duties in the ordinary course of business; provided, however, that, prior to disclosure, the person has agreed to abide by this Order (as required in any event by paragraph 14 hereof) and counsel has a good faith

belief that the person in fact did have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business; provided further that counsel shall ascertain immediately following the disclosure whether such good faith belief in fact is correct, and, in the event the person in fact did not have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business, counsel shall terminate the disclosure immediately;

(c) two designated in-house counsel from each party who are not and will not be involved in the prosecution of patent applications involving nonwoven fabrics for at least three (3) years following completion of this litigation;

(d) any outside expert retained by counsel to assist in the prosecution or defense of this litigation;

(e) the Court and any persons employed by it to work on this litigation; and

(f) court reporters, to the extent necessary or required to report accurately proceedings in this litigation.

14. If any Party desires to disclose Confidential Material to any Qualified Person or bona fide outside expert, such Qualified Person or bona fide outside expert must agree to be bound by this Order and sign an undertaking in the form attached hereto. Prior to disclosing any Confidential Material to said Qualified Person or bona fide outside expert, a Party must first identify said Qualified Person or bona fide outside expert in writing to the attorneys for the Producing Party or Non-Party. Such identification shall include the full name and professional address and a list all other present or prior employments or consultancies in the field of nonwoven materials. The Parties (and if applicable Non-Party) shall attempt to resolve any

994147.1

objections informally. If the objections cannot be resolved, the Party seeking to disclose the Confidential Material may move the Court for an Order allowing the disclosure. If any such motion is made, the Objecting Party or Non-Party shall bear the burden of proof. In the event objections are made and not resolved informally, disclosure of Confidential Material shall not be made except by Order of the Court (or to any limited extent upon which the Parties or Non-Parties may agree).

15. Any Party or Non-Party desiring to disclose to the Court any Confidential Material shall (1) file under seal with the Clerk of the Court an original and a copy of the filing containing the Confidential Material, (2) file in the public record with the Clerk of the Court a copy of the filing with the Confidential Material redacted therefrom and (3) file under seal with the Court in chambers a copy of the filing containing the Confidential Material.

16. Any person to whom a Party's or Non-Party's Confidential Material is in any way disclosed shall not use such Confidential Material or create any writing or other record in any way incorporating such Confidential Material for any purpose whatsoever other than the defense or prosecution of this action by the original parties to the original Complaint or the parties named in a later amended complaint, in the action styled <u>E.I. DU PONT DE NEMOURS AND COMPANY v. CARDINAL HEALTH, INC., CARDINAL HEALTH 200, INC., BBA GROUP U.S. HOLDINGS, INC. and BBA NONWOVENS SIMPSONVILLE, INC.</u>, No. 3:03-0848, filed with this Court on September 11, 2003. All writings in any way incorporating such Confidential Material shall be subject to the terms of this Protective Order (<u>i.e.</u>, writings in any way incorporating Confidential Material shall be treated as Confidential Material).

17. Confidential Material may be disclosed to a witness during the examination of such witness during a deposition provided that the following criteria are met:

994147.1

  A. For Confidential Material designated, "CONFIDENTIAL," such Confidential Material may be disclosed to the witness if:

  (i) the witness is a Qualified Person or bona fide outside expert; or

  (ii) the witness is a third party or former employee of one of the Parties and agrees to be bound by this Order by signing an undertaking in the form attached hereto; or

  (iii) the witness had access to the Confidential Material as part of his or her duties in the ordinary course of business and agrees to be bound by this Order by signing an undertaking in the form attached hereto; provided, however, that prior to disclosure, the witness has agreed to abide by this Order (as required in any event by paragraph 14 hereof) and counsel has a good faith belief that the witness in fact did have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business; provided further that counsel shall ascertain immediately following the disclosure whether such good faith belief in fact is correct, and, in the event the witness in fact did not have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business, counsel shall terminate the disclosure immediately.

994147.1

B. For Confidential Material designated, "CONFIDENTIAL COUNSEL ONLY" such Confidential Material may be disclosed to the witness if:

(i) the witness has access to the Confidential Material as a Qualified Person or bona fide outside expert (and in order to obtain such access has agreed to be bound by this Order by signing an undertaking in the form attached hereto); or,

(ii) the witness had or has access to the Confidential Material as part of his or her duties during the ordinary course of business and, if the witness has not already agreed to be bound by this Order, the witness agrees to be so bound by signing an undertaking in the form attached hereto; provided, however, that prior to disclosure, the witness has agreed to abide by this Order (as required in any event by paragraph 14 hereof) and counsel has a good faith belief that the witness in fact did have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business; provided further that counsel shall ascertain immediately following the disclosure whether such good faith belief in fact is correct, and, in the event the witness in fact did not have access to or prepare the Confidential Material as part of his or her duties in the ordinary course of business, counsel shall terminate the disclosure immediately.

994147.1

18. If a witness does not agree to be bound by this Order by signing the undertaking attached hereto, the Parties may either suspend the deposition or continue the deposition on other issues and seek judicial resolution of matters pertaining to the disclosure of Confidential Material to the witness. If the deposition is suspended, it shall be resumed at the earliest mutually convenient time following resolution of the disputed issues.

19. All Receiving Parties shall maintain any and all undertakings obtained from individuals to whom Confidential Material was disclosed. For good cause shown, a Producing Party or Non-Party can view the undertakings maintained by any Receiving Party.

20. Anything in this Order to the contrary notwithstanding, any Receiving Party may use a public photocopying service to copy Confidential Material without regard to the provisions of paragraph 14 hereof.

### RESTRICTIONS ON USE OF CONFIDENTIAL MATERIAL

21. Confidential Material, including all copies and/or extracts thereof, and all information derived therefrom, shall be held in strict confidence by the Receiving Party in accordance with the terms of this Order and shall not be used for any purpose other than the prosecution or defense of this action by the original parties to the original Complaint or the parties named in a later amended complaint, in the action styled E.I. DU PONT DE NEMOURS AND COMPANY v. CARDINAL HEALTH, INC., CARDINAL HEALTH 200, INC., BBA GROUP U.S. HOLDINGS, INC. and BBA NONWOVENS SIMPSONVILLE, INC., No. 3:03-0848 filed with this Court on September 11, 2003. In particular, neither Confidential Material nor any copies and/or extracts thereof nor anything derived therefrom shall be disclosed in any way to any person, attorney, government agency, or expert for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this litigation. No copies of Confidential Material or any information derived therefrom shall be made except by or on behalf

994147.1

of counsel for the Parties. In the event a Receiving Party is served with legal process seeking the production of Confidential Material obtained through discovery in this litigation and protected hereunder, the Receiving Party shall promptly notify the Producing Party or Non-Party whose Confidential Material is sought of the service of the legal process and afford the Producing Party or Non-Party an opportunity to object thereto. The Receiving Party shall not produce any Confidential Material in response to the legal process until the Producing Party or Non-Party has had an opportunity to object to such process and either declined to object or the Producing Party's or Non-Party's objection has been overruled and all appeals therefrom exhausted.

22. Nothing herein shall be construed to affect in any way the admissibility in evidence of any document, thing, information, deposition testimony or other evidence at any hearing or trial in this action.

23. Any Party or Non-Party who has designated any document, thing, information or deposition testimony as Confidential Material pursuant to this Order may consent that the confidential status of such document, thing, information or deposition testimony be removed by so notifying counsel for the other Parties in writing or by so stating on the record at any deposition, hearing or trial.

24. Nothing in this Order shall restrict any use by a Producing Party or Non-Party of its own Confidential Material or of material designated as Confidential Material by a Producing Party or Non-Party lawfully obtained by means other than production in this litigation.

### COMPLETION OF LITIGATION AND RETURN OF CONFIDENTIAL MATERIAL

25. This litigation will be considered to have concluded for purposes of this Order only upon either (a) a dismissal with prejudice of all claims herein pursuant to a settlement

994147.1

agreement among the Parties or (b) the entry of final judgment on all claims herein and the exhaustion of all possible appeals therefrom.

26. All Confidential Material and all copies thereof, except courtesy copies provided to the Court for use in chambers, shall be destroyed by the Receiving Party within sixty (60) days following the conclusion of this litigation. Counsel for the Receiving Party shall certify: (a) that all copies of Confidential Material have been destroyed, and (b) that all related writings, except attorney work product, attorney-client material and filings with the Court, also have been destroyed.

27. Upon the conclusion of this action, any discovery materials filed under seal with the Court shall be returned to the Party or Non-Party filing such materials in accordance with the procedures of the Local Rules of the United States District Court for the Middle District of Tennessee.

28. This Agreed Protective Order may be executed in any number of counterparts and by different Parties hereto on separate counterparts, each of which counterparts, when so executed, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Agreed Protective Order.

29. This Court retains jurisdiction over the Parties hereby for two (2) years after the conclusion of this litigation regarding any dispute concerning the improper use of information disclosed under this Order. Notwithstanding the preceding sentence, all obligations and duties arising under this Order shall forever survive the termination of this action.

30. Nothing in this Agreed Protective Order shall be construed to foreclose whatever other remedies the parties hereto may have aside from those provided by this Order for harm arising from a violation of this Order.

994147.1

# AGREEMENT TO BE BOUND BY THE AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS

The undersigned, _____, hereby acknowledges that he or she has read the Agreed Protective Order regarding confidential material entered in <u>E.I. DU PONT DE NEMOURS AND COMPANY v. CARDINAL HEALTH, INC., CARDINAL HEALTH 200, INC., BBA GROUP U.S. HOLDINGS, INC. and BBA NONWOVENS SIMPSONVILLE, INC.</u>, No. 3:03-0848 (U.S. District Court for the Middle District of Tennessee), that he or she understands all provisions thereof, including without limitation those provisions prohibiting the disclosure, exploitation or use of confidential material for any purpose other than the prosecution or defense of this litigation, and that he or she agrees, upon penalty of contempt among other things, to be bound by all provisions of the aforesaid Agreed Protective Order.

Signed:_____

Print Name:_____

Date:_____

994147.1

ENTERED this _____ day of _____, 2004.

_____
JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND CONTENT:

_____
James M. Doran, Jr. (TN BPR #2638)
Mark H. Wildasin (TN BPR # 015082)
WALLER LANSDEN DORTCH & DAVIS
Nashville City Center
511 Union Street, Suite 2100
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Rebecca W. Bacon
**BARTLIT BECK HERMAN PALENCHAR
& SCOTT**
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
Attorney For Plaintiff E.I. DuPont
de Nemours and Company

_____
A. Scott Ross
Marc T. McNamee
**NEAL & HARWELL, PLC**
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

Susan A. Pipal
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorney For Defendant Cardinal Health 200, Inc.

_____
John R. Wingo
M. Clark Spoden
**FROST BROWN TODD LLC**
424 Church Street
Suite 1600
Nashville, TN 37219
Telephone: (615) 251-5553
Facsimile: (615) 251-5551

Michael E. Zeliger
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Attorney For Defendant BBA Nonwoven
Simpsonville, Inc.

994147.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **AGREED (PROPOSED) PROTECTIVE ORDER** was served on the following counsel of record, hand delivery, e-mail or overnight mail, this 6th day of February, 2004.

_____
James M. Doran, Jr.

John M. Skenyon
Michael E. Zeliger
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

M. Clark Spoden
John R. Wingo
**FROST BROWN TODD LLC**
424 Church Street
Suite 1600
Nashville, TN 37219
Telephone: (615) 251-5553
Facsimile: (615) 251-5551

Dan K. Web
Jeffrey Wagner
Susan A. Pipal
Raymond C. Perkins
Erik William Snapp
Jennifer G. Gallinson
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

A. Scott Ross
Marc T. McNamee
**NEAL & HARWELL, PLC**
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

994147.1